Gabrielli, J.
(dissenting). I cannot agree with the result reached by the majority in this case. Each of the two warrants in question was indisputably supported by ample probable cause. The first warrant was addressed to defendant’s premises, to defendant personally, and to anyone else found therein. We agree that the wording of this warrant would support a search of his person only in connection with the named premises.
The second warrant was addressed to the apartment of Betty Lucas, to Betty Lucas personally, and to any other person found therein.
Both warrants, together with a third, were the result of an integrated narcotics investigation involving the same investi *501 gating unit and undercover agent, and all the warrants were based on the underlying affidavits of Officers Cruz and Roche. Roche had spotted defendant during the investigation as the result of the informer’s description and thus was familiar with his appearance.
Defendant was apprehended and searched, not in his own apartment, but just as he was leaving the Lucas apartment, as is evidenced by the testimony of Officer Roche who observed this, along with other officers, and who stated that this occurred “ [w]hen the door opened and Mr. Green came out of the apartment ’ ’, he having been, previously identified as having entered the building. As defendant was apprehended he was apprised of both warrants. His only argument with which we are concerned, finding no substance to the others, is that neither warrant authorized a search of his person outside either his apartment or the Lucas apartment. As already indicated, no general warrant for a search of his person can be made out of the warrant addressed to his premises. We do not agree, however, that he was not covered under the “ any other person ” provision in the warrant directed to the Lucas premises. He was indeed.
First, where the underlying investigation shows, as this one did, that certain premises are frequented by known criminals and that criminal activities are conducted in or upon these premises, a warrant authorizing the search of persons found therein or thereat, even though unnamed, is proper (People v. Rubicco, 30 N Y 2d 897). Defendant does not attempt to controvert, as indeed he cannot, this precise point.
Second, the fact the Lucas warrant refers to any other person found therein does not obviate this search which took place just outside the Lucas door, defendant having been observed exiting therefrom. CPL 690.15 (subd. 2) states: “ A search warrant which directs a search of a designated or described place, premises or vehicle, may also direct a search of any person present thereat or therein. ” It is not explained by the majority how this situation would have been dealt with had the warrant stated “ thereat ” as it could have under the provisions of that statute. Defendant’s argument, adopted by the majority, is based on an unrealistic literal approach which is overcome by all the other circumstances in this case. Thus, not only does *502 the law allow personal searches “ thereat ”, but the officers who made the search knew who defendant was, knew that a warrant was out for him at his premises, knew the evidence underlying the warrants, and knew most of this from their own personal activities and investigation. To make these observations is not to hold that defendant could have been arrested and searched in this situation without a warrant. We need not reach that question. These observations are made merely to illustrate the fact there was ample reason for the police to consider defendant a person covered under the Lucas warrant, who was also at the Lucas apartment at the time the search was made, and, in fact, who was observed therein as he came out of the door. Defendant’s overly literal interpretation of the warrant is simply not justified when all the circumstances are considered. To exalt a claim of form over substance in these brazen circumstances is, in my judgment, unwarranted. (See People v. Marshall, 13 N Y 2d 28, 32, 33, where it was held that a warrant directed specifically to the rear room of a certain address, was broad enough to cover the basement since the word “ premises ” was also used.)
Finally, even defendant’s contention that he was not provided with an opportunity to contest the Lucas warrant is groundless and without support in the record. Not only was defendant apprised of both warrants at the time of the arrest, but he and his counsel were made aware of the prosecutor’s reliance on the Lucas warrant during the suppression hearing and a three-week adjournment was granted. On the adjourned date, and after the officers had testified to the Lucas search, defense counsel never made this argument now made by the majority as to the wording of the warrant, but had the defendant enter a guilty plea.
The conviction should be affirmed.
Chief Judge Bbeitel and Judges Jones and Babin concur with Judge Wachtleb; Judge Gabbielli dissents and votes to affirm in a separate opinion in which Judges Jasen and Stevens concur.
Order modified and the case remitted to Supreme Court, New York County, for further proceedings in accordance with the opinion herein, and, as so modified, affirmed.